Good morning, Your Honors. Good morning. Deepak Gupta for the objector, Sherri Simpson. I'm going to try to reserve two minutes for rebuttal. All right. I'll try to help you out, but keep your own eyes on the clock, please. All sides agree that the threshold question on the merits is how to read the notice. Could a reasonable class member have believed, based on this notice, that she would be given the opportunity to opt out of any settlement, as intended by the drafters of the Federal Judicial Center of these notices and as uniformly applied by class action litigants and courts nationwide? As far as the merits go, the settling parties don't deny that if the answer to that question is yes, that is, if the notice guaranteed an opt-out right at the settlement stage, then there was a due process violation here. Ms. Simpson has a valuable money damages claim. Is there a due process violation or just a right to object to the eventual settlement? Well, in other words, let's assume that you're right. We can get to that in a moment, that the initial class notice said you'll have a second opportunity to opt out, and she wasn't given that. Is that a constitutional due process violation, or are we just dealing with a settlement that should not be approved because it doesn't give that second right to opt out? The reason I ask that is because your client covered all her bases, if you will. She files a claim that says, I understand I'm giving up my individual right to sue. She files an objection. Those are perfectly consistent with each other. I'm objecting, but if it's not approved, I want to keep my settlement amount. But she never says to the court, and I'd like to opt out. Well, she did say that. No, she says in her – I've got her second declaration, which some lawyer wrote quite cleverly, but the last paragraph says, if I were afforded the opportunity to opt out, I would take it. But she didn't – she never tried to – even when she filed those two documents with the court, neither of them said, and I opt out. No, I mean, let's be clear. What she's objecting to is a settlement that does something very unusual, that the class action professors say they've never seen before, which is it has this section, paragraph – section 7, that says there will be no opt out opportunity. And so the notice didn't afford people any avenue for opting out. But the notice does say that. The notice says – and you're focusing on one clause, and perhaps that's a good clause to focus on, but you do agree that otherwise the notice says, if you don't opt out now, this is your last chance. Right. There are two notices, right? There's the class action notice in 2015, and that's our focus, right? Right. And then there's the settlement notice. And then there's the settlement notice. The focus on the class action notice. Right. And I think – If we took this one clause out of it that you're complaining about, want to get back to it, wouldn't it be quite clear that either if you wanted to be part of this lawsuit – you didn't want to be part of this lawsuit, this was your last chance to get off the train? We'd have a much tougher argument. We wouldn't be here. And I think there are cases where the settling parties and the district courts have redrafted the notice to make it very clear that you will not have a settlement stage opt out opportunity. You will be bound not only by the district court's orders, but by any settlement. But that's not what happened here. Right. So you agree with me that absent this clause that you're focusing on, you'd have a hard time. Right. Our principal focus is on that clause because that – That clause, which strikes me as ambiguous – you think it's clear, but I think it's probably ambiguous – in the context of the entire agreement. Why doesn't the entire agreement, the entire notice, fairly give notice to somebody that if you don't opt out today, you'll never have a future opportunity? Right. Because the only place that the notice addresses this question, what's going to happen to me if I don't opt out now and then there's a settlement, will I have the right to walk away from the terms of the settlement? The only place that the notice addresses that question, and it's in the most logical place to do so, is right under the heading your rights and options, what happens if I do nothing, and then what the notice says is you will be notified about how to ask to be excluded from any settlement. See, my problem with that is it doesn't say you will have an opportunity to bring your own lawsuit. It says you'll be notified how you can opt out of any settlement, and then if we look at the settlement agreement, it says you don't want the money, just don't file a claim, and you will have opted out of the settlement. You have been notified how to opt out of the settlement. It doesn't say you will have thereby revived your right to sue, does it? I'm not sure I understand the question. Sure. I think it's, well, if I'm saying it wrong, I'm misquoting your opponent's brief, and the judge. What the judge says is, look, what this language says is nobody has to take money in a settlement. Nobody's going to come to your house and force money down your throat or, in other class action cases, worthless coupons. You don't have to take part in the settlement if you don't want, but the notice, I think, otherwise says, but if you want to preserve your rights to be part of this lawsuit, you have to opt out. Okay, I think I see what you're saying. So why isn't this just a notice, as apparently one person did later, saying I don't want President Trump's money, why isn't this just a notice that you don't have to take part in the settlement, but today is the day you have to assert your legal rights? Right, and that is one of the explanations that the settling parties put forward for this language, that it means that you can just do nothing. That's what the judge said it meant. I think the judge's explanation was a slightly different one, and I'll get to that, but I think this is one of the two explanations the settling parties have put forward. The problem with that explanation is that if you don't want this money, you just don't do anything. You don't opt out. You don't have to opt out, and that would be true if the case had been litigated to judgment as well. Was that clear at the time the notice? See, because there can be class action settlements in which you may have to do something to say I don't want to participate in the settlement, where, you know, where it may be injunctive relief, it may be other sorts of things.  is it clear that in order not to participate in the settlement, all one need do is not file a claim? You're talking about the settlement notice, right? No, I'm talking about the class action. See, I think the class action notice is broad enough to cover all types of contemplated settlements, and if there may be a settlement that you don't want to be in, you can exclude yourself. But the 2015 class notice never says you will be bound by any settlement and not have the right to opt out, and there are notices that have that kind of language. This notice doesn't have that, and it's important. This is like an adhesion contract that binds the class, right? This is the contract. Let's say that if you do nothing at this point, then you are going to give up your right to sue separately. Right. That's the best. I grant you that's the best language for them, right? And that's on page 1. I have to read it in conjunction, right, because we're trying to interpret this here. Exactly. It says, well, you will be notified about how to obtain a share of the settlement, essentially, or how to ask to be excluded from any settlement. Right. But keep in mind that if you do nothing now, then you're essentially giving up your right to sue separately. This notice is principally focused on certification for litigation purposes. As the drafters at the Federal Judicial Center explained, the default here is litigation. So the first page, most of the discussion is about you know, and it makes sense, right? The focus is on what you're going to be the decision you have to make now, which is whether to exclude yourself from a litigation class. But the notice also discusses what happens in the possibility of settlement, and that's discussed parenthetically, both in paragraph 13 and then again in paragraph 14. And when settlement is discussed, this is the one place that discusses what happens if there's a settlement. It says you'll be able to exclude yourself, and that language means something. That language is the same language used in Rule 23c2. It says exclude yourself, and it says the district court will exclude anyone who asks to be excluded. So if you look at the notice gives clear ability to exclude yourself from the class under a separate provision, right? You agree to that. Paragraph 15 says how do I ask to be excluded from the class? I've got to send an exclusion notice, otherwise I'm in. But what we're trying to do Now we're talking about exclusion from a settlement. Right. As opposed to exclusion from the class. Exactly. And why in the context of this isn't this an advance notice? Well, let's assume the settlement said you must... The settlement is we'll give you $100,000, but you must sign a letter that says President Trump is the greatest president in the history of the world. And the member of the settling class says I don't want to be part of that settlement. I won't take his blood money to... That's not what... See, there's two separate notions here. One is exclusion... I want to ask you to respond to this. One is exclusion from the class and the other is exclusion from the settlement. Why does the notice make that distinction? That distinction is foreign to the way, to Rule 23, and the way the architecture of these cases work. I mean, when you exclude yourself from the class at the settlement stage, you are excluding yourself from the settlement class. You're not bound by the settlement and you have the right to proceed on your own. That's what the Federal Judicial Center intended when it drafted this notice. It's the way that the Supreme Court and the Ninth Circuit have interpreted the same language, request to be excluded. It's the way this notice uses that. To be fair, we've never interpreted this clause that you're fighting about. No, that's right. That's right. We wouldn't be here otherwise. It would be a lot easier. Let me ask a very different question. Let's assume you win and we say the relief is your client may sue individually. Is that what you're seeking? Yes. Seeking to file one lawsuit on behalf of one person. Because nobody else has to be excluded. We are objecting to the provision in the settlement. Well, that's why I'm asking the question. Are you asking us to hold at the settlement? The order on appeal is the judge's approval of the settlement. Exactly. So the question is, do you want us to disapprove the settlement and put this back into litigation, even though you concede that the settlement is fair? Or do you want us simply to say, let me finish, do you want us simply to say your client may bring an individual lawsuit against Trump University? I think the only thing before you is the order approving the settlement. That's why I'm asking the question. And so what we want you to do is reverse that order because it has this provision. So that everybody in the class may then opt to bring an individual suit. The settling parties have the ability to go back to the negotiating table, take out this offending provision. Look, I understand how the world works. You don't need to explain that to me. I'm asking what you're seeking. We are seeking the only thing we can seek, which is the reversal of the district court's order approving the settlement. So if we were simply to today say the settlement order is approved, but we're excluding your client from it, that's not what you're seeking? That is what we're seeking. I'm not sure you can do that. Well, wait a minute. Because if that's what you're seeking, you can sit down and work it out. That's two separate remedies here. Right. And I don't understand your answer, and it's an important question. So let me clarify. Are you saying that if we were to say settlement stays, your client is the only one who's out, she can go off and do whatever she wants with it, that that's fine? I think the problem with that is you would have to blue pencil the agreement. I mean, you'd have to cross out the offending provision. So that's not what you're asking for. No. I mean, I wish we could ask for that. You're asking for us to send it back, unravel the settlement, send it back. Right? Yes. I mean, you have to disapprove the settlement because it has this provision. And if you plug that language into Westlaw, this no opt-out provision, you won't find a provision like this. You won't find it if you Google it. This is an unusual provision that was added to this agreement. In every other instance we've found where this notice language is there, where the Federal Judicial Center intended it to provide a settlement. I'm running short, so let me have you address the threshold question of standing. Don't you have a problem here in terms of actual injury? I don't think so. The injury here is the extinguishment of a valuable money damages claim. Reliance? I'm sorry? Is there reliance? Well, so the settlement parties make this reliance argument. I think there are several problems with it. First of all, she has this supplemental declaration where she indicates she did read the notice and she did believe it to afford an opt-out right. But there's a legal problem. But the best that I can discern from the declarations is that if she had realized that they were going to renege on this promise to allow her to opt out of the class at the settlement stage, she would at the very least have investigated her options and contacted an attorney. It doesn't say that if I realized that, I would have opted out. That's right. But why is that enough to demonstrate actual injury and causation? Well, I think there are a lot of problems with the standing argument, and I have very little time, so let me set aside the factual dispute. What she is complaining about is the economic injury of having her claim extinguished. That is caused by the approval of the settlement and will be redressed by reversal on appeal. Counsel, what is her particularized injury? What specifically are you alluding to? She has a valuable money damages claim. She wants to be able to prosecute it. The approval of the settlement takes away that claim. And if you give her the relief she's seeking, which is reversal of the approval order, she will be able to prosecute that claim. The Ninth Circuit has repeatedly said that that constitutes, that that's enough for standing here. So what they're claiming is that there is a kind of procedural injury based on the notice, and then she has to show reliance. First of all, the procedural injury she's complaining about is being denied the opt-out right, that in every other case we've been able to find where this notice language is used, the class has been afforded. And run around our questions, because I've asked you to identify causation, right? How is this defective notice the result of her injuries? And so your answer is that, well, she's lost the right to basically bring a separate lawsuit. Right. The best way to think about the notice. But that reliance question comes in. So she has to show that because she read this notice and relied on that promise, she basically gave up the right to file a separate lawsuit. I think that's wrong. First of all, she has shown that. But the best way to think about the class notice is as a kind of adhesion contract that binds the class. If a class member was aggrieved by something in this notice, they wouldn't be able to say, oh, I didn't read it, just like in a credit card contract, right? These are the rules of the road. And what she was denied is a procedure that was promised in that notice. So there isn't a requirement that class members show that they read and relied on specific provisions and had subjective expectations about them. And if there were such a requirement, it would be really unworkable in practice. The point is here that they told the class that they would have this settlement stage opt-out opportunity. Those words have an objective meaning. It's what they always mean in class actions around the country. And all she's asking is that that promise be enforced. With your permission, because this is an interesting case. I don't want to be stuck with the time limits rigidly. Let me give you my big world problem with your position here. We have a settlement that you concede is fair, or at least don't argue is unfair. It looks like a heck of a good settlement. Right. I mean, she would prefer. Right. You've got one person in the class of how many? About 4,000, but we don't know how many people. No, no. We know nobody else. Nobody else spoke up later and said, gee, I thought I had the right to opt out again. That's true. Nobody else objected to the settlement timely. There's one other objection, but it's not timely. True. And what you're asking us to do is to unravel a settlement that's fair for thousands of people because your client thinks she could have opted out of it again. Now, maybe we should do that. I've got to tell you, when I think about this case in real-world terms, that's what troubles me. I understand. So maybe if you get up again, you could address that. Sure, yeah. Let me try to reserve time for rebuttal. Thank you. Durable time, but as Judge Hurwitz said, this is an important case, so we'll put time back on the clock for rebuttal. Thank you. Judge Logan, do you have any additional questions at this point? I don't. Thank you. All right. Let's hear from the other side. Good morning, Your Honors. It's Steve Hubachek, Robbins Geller, on behalf of the classes. Your Honors, I'll be sharing time with counsel for the defendants. They're going to take the last three minutes of our presentation. Your Honors, Simpson seeks to derail a settlement that the district court found to be exceptional based upon a single parenthetical phrase that she didn't even rely on when she chose not to opt out by the deadline that was provided to every class member, November 16, 2015. She lacks standing, therefore, to raise that notice claim, which is the basis of her challenge to the settlement. So what is our job in reviewing the class action notice? Are we supposed to interpret it? Are we supposed to figure out whether somebody reasonably could have read it in a way differently than we do? What's our job? I think your job is to determine how a reasonable class member would read it. And I think that a reasonable class member, given the totality of these notices, would never read this to say that there is some future right to opt out in the event of some settlement agreement that doesn't currently exist is reached sometime in the future. Each portion of that settlement agreement, the mailed notice, the cover page of the long-form notice, and even the very page that this parenthetical phrase is derived from, all say two very significant things. Number one is you have two choices. You stay in, and that means that you have the potential of getting money from a settlement or from a trial, and you lose your right to sue individually, or you get out. You lose the right to get any money out of the case, but you keep your rights to sue. It says that on all three of those pages. And when is that choice to be made? Now. Now is not a word that's likely to be misunderstood by class members. They're going to know when they have to act, and when they have to act is now, meaning by November 16, 2015. That's exactly what those notices say, every one of them, and that's why that single parenthetical phrase can't bear the meaning that Simpson seeks to attribute to it. What do we do with the judge's determination about what the phrase means? Do we review that de novo? We can read the phrase as easily as the trial judge. Do we give deference to his reading of the phrase, or do we just read it ourself? I think that you don't give deference to the reading of the phrase. I think what you give deference to are the judge's factual findings, which still haven't been addressed by Ms. Simpson's side, that she never read or relied upon this information when she made her decision not to opt out of these classes. How can what address her second supplemental declaration? She seems to change course from her first declaration. In her second one, she says, well, I read it, and I thought I did have the opportunity. All that declaration says is that she had some impression that she would have a right to opt out. She never says, I read some particular piece of language, and that gave me a right to opt out. She's a lawyer. If she suddenly has had her expectations upended, she would be able to say that. But I don't think your honors need to rely on my interpretation of that affidavit. We have a district court judge's factual finding based upon more than just that affidavit. We have the timing here, the fact that she filed a claim against the settlement, and it was only weeks later that she filed her objection, claiming for the first time after she had been in contact with class counsel and the lawyers throughout the class, for the first time saying that she supposedly had this understanding. There's also the fact that her lawyer basically conceded that she wasn't relying upon the parenthetical that they are pushing here today. And then all of those things taken together, the district court judge made a factual finding that there's no reliance. In fact, he found that she never identified this language as important until after she spoke to her lawyer, which appears to be like a filter. How do we review that finding? It seems to have been made on the papers, right? There wasn't a hearing in which Judge Curiel looked Ms. Simpson in the eye and said, I don't believe you. Well, I still think that you would defer to that finding because I don't think that you have to have actually taking evidence in order for the clear error standard to apply. And it really isn't just that affidavit and looking at it. There's all the other things, too. In fact, Judge Curiel was the one who was present when Simpson's counsel made the concession that she never relied on that. So I don't think that that's the case. Could you just format it? I know I've seen it. Can you identify where in the record that concession is? Yes, Your Honor. It's on... And if you want to wait and have your co-counsel identify it when they get up so you don't waste your time, that's fine. It's on 81 of the excerpt of the record. 81, thank you. Now, there's one error that Mr. Gupta made that I'd like to clarify with respect to the long-form notice. He's insisted that the only time that settlement is mentioned at all is in that parenthetical or in that paragraph 13. But if you look at ER 106, the cover page of the long-form notice, it says, By doing nothing, you keep the possibility of getting money or benefits that may come from a trial or settlement, but you give up any rights to sue Trump University and Trump separately. So not only is it addressed elsewhere in the notice, but it is completely clear that if you remain in the classes, either for trial or for the possibility of settlement, then you no longer have the right to sue. And that's exactly what happened here until Simpson sought to raise her attorney-manufactured claim that she... So let me, attorneys manufacture stuff all the time. Sometimes it's good, sometimes it's bad. We don't hold it against their clients. So my question is, interpret the phrase for me. Interpret the parenthetical phrase. What would a reasonable person think the parenthetical phrase meant? I think that a reasonable person would think that if there were a settlement, and this was a case where there are obviously very significant political implications, that if you decided you didn't want to take money and there was a direct distribution, that you would be able to ask the district court to not send you that money. That's the interpretation that I think is the most reasonable one. Settlement only, but not out of the class? Right. And not only that, Your Honor's point is well taken, because on the cover page it says, it talks about staying in the lawsuits or getting out of the lawsuits, and the mail notice talks about getting in the class or staying out of the class. So that's different from what this says, getting out of the settlement. And then Your Honor brought up Judge Curiel's reading. What he said was at most this could allow somebody to come in and make a request under Rule 23E for the court to withhold approval of the settlement because there was no second opt-out opportunity. So I think that those... An abuse of discretion review at that point on the decision not to allow that. That's correct. The decision not to allow that is reviewed for abuse of discretion. But that would be a rather meaningless reading of the phrase because every member of the class would have had the opportunity to object to the settlement anyway, right? Well, they would have a right to object. If you read this as saying what this says is you can come under Rule 23E2 and object to the settlement, it's kind of a strange thing because that right exists independent of this clause, doesn't it? I agree that it exists independent of the clause, but remember we're talking about providing information to lay people, not lawyers. But to me, you know, like you, I'm a lawyer reading this, exclusion is very different than objection. In other words, the fact that you object doesn't mean that you'll be excluded, as indicated by this case. You can come in and say I object to the settlement, but if I fail, I want the money. That's not exclusion, is it? I agree it's not exclusion, but I think that the district court in interpreting it said at most it could be read most favorably to Simpson. Okay, so at most, what is its most reasonable reading as opposed to at most? The most reasonable reading is the reason that we put it in, which was to give people an out if they decided they did not want to accept money in a direct distribution lawsuit. Now, in the reply brief, you know, Simpson says that that's not credible. Why didn't you say that about trial? But that totally ignores the completely uncertain situation that we were in at that point because there was a pending motion throughout the drafting of this notice, a pending motion to decertify, and then before this motion went out, there was a decertification granted so that there was no class action with respect to damages. So everyone was going to have to go and make their own individual claim. Judge Curriell said it could take years to have all these individual trials, so that was specific. But there's no objection here. If there were no second opportunity to opt out, if you will, if this had been clear, they're not saying that's unconstitutional or violates due process. No. They're just saying we were promised it. Well, they have an argument in their brief where they try to get this court to overrule officers for justice, but this officers for justice is basically exactly the same claim. In that case, the objector. We've said it's constitutional just to give you one opportunity to opt out. That's exactly right. And then that's at the class formation stage, if you will. Right. And officers for justice is also a case about damages, damages for back pay, damages for emotional distress based upon racial discrimination, and even punitive damages. Yeah, and that's why I asked Mr. Gupta the question. I think it's been made rather clear you don't have a constitutional right to opt out a second time. That's correct. He may well have a contractual right or he may have been promised his client in this notice, but it's not a constitutional issue. Right. And, again, I would think that his client doesn't have any sort of right, given the fact that she didn't rely on that language in choosing for herself not to opt out as of November 16, 2015. Let me ask you just like what if she had filed three things on, I think it's March 4th, but sometime in March. Here's my claim, here's my objection, and here's my request to opt out. Would this case be any different in terms of her standing? It wouldn't affect the interpretation of the class notice. No, it wouldn't be any different because her argument, and that's at ER, I think, 78, where she says basically the notice that was given to me at the time in the notice of penancy was so defective as to deny me the right to opt out. So that's what her claim is, and that's what she said below. That's what she told the district court. Yeah, and maybe you misunderstand my question. I don't think she's really making a claim that she was denied the right to opt out at the time because the agreement plainly gave her that right. She says, I've been given the right to opt out later, and I relied on that and, therefore, did not opt out at that time. And so my question is, what significance is there in the fact that she didn't try to opt out in March? In other words, all she did in March was file an objection, file a claim, and file a declaration that said, if I am afforded the opportunity to opt out, I would. What is the significance of those three things? I think that either way you slice it, she still loses because she doesn't have standing to make the new claim that you're adding saying, I want to opt out now. She doesn't have standing to make that because she didn't rely. The district court found she didn't rely. So she can't make that claim under any circumstances. And I really do think that her claim does relate back in time to that period. Your Honor can look at page 78 of the excerpt of record where they made that clear. I'm sorry, it looks like it's ER 78, yes. So I think that no matter how you slice it, she still doesn't have standing to raise that claim. And under Officers for Justice, she has no constitutional right to opt out at the settlement stage either, given the fact that she's already been provided that right with the notice of pendency. But doesn't that question or the answer to Judge Hurwitz's question have to do with reliance? So in other words, if she had filed a notice of attempt to back out, wouldn't that tend to bolster her claim that there was reliance in this particular case? And here on this record, does the failure to file an attempt to opt out, doesn't that suggest a lack of reliance? Judge Wynn always does better at this than I do. I think you're right. I think that it would make her claim even less compelling than it is. But I think all of the other facts that Judge Curiel relied upon in terms of the content, the actual content of her declaration, the interaction with her lawyers, her lawyers' concession, and the fact that she filed weeks before the claim, before she ever said anything about her purported reliance on the parenthetical phrase, that I think that either way her claim goes nowhere. I'm intruding on Mr. Curiel's time. I have just one other question. The record indicates that 10 people requested to be excluded from the class? Ten people, I think, on time. And then I think there were three more afterwards that were granted late-time opt-outs. Have any of those folks filed lawsuits? That's a matter of public record, so I'm not asking you to go outside. No, no, Your Honor, they have not. So what if we added one more to that list? What would be the terrible result of that? Well, Your Honor, this is a material term of the settlement. I don't think that we have a settlement if we add one more name to that list. I'm sure Mr. Kerman will speak to that, but I think that the district court has basically two options. I'm just really asking if the two of you could sit down together, but I suppose they want more, really, in this case than just her right to sue. That's correct, Your Honor. There's a little political aspect, I believe. All right. Thank you very much, Counsel. Let's start with three minutes on the clock. Thank you, Your Honors. Good morning, Counsel. Good morning, Your Honors. May it please the Court. David Kerman on behalf of Trump University and President Donald J. Trump. Setting aside who the defendant is, this is a typical, ordinary, run-of-the-mill class action, and it is also a textbook example of a district court properly administering a settlement. So your client's view of Judge Curiel has changed. Your Honor, yes. It's our position that Judge Curiel administered this settlement in a textbook fashion. In this court, there's three requirements in administering the settlement, and the class number one, class notice, with one opportunity to opt out, number two, an opportunity for the class members to object, and number three, a fairness hearing and approval by the court. And the district court complied with all three here. Weigh in on the question that was addressed to both your opposing counsel and your colleague. Given the procedural posture of this case, is there any way to just let the sole objector out and still preserve the settlement? The answer to that, Your Honor, is no. The only issue before the district court was whether or not to approve or deny the settlement. The district court did not have authority to rewrite the settlement, and I believe that same jurisdiction runs to this court. And the opt-out provision was a material term to the settlement, and the defendant would not have proceeded with the settlement without those terms. So at the time that your client entered into the settlement, you knew how many people had excluded themselves? Yes, Your Honor. So you knew what your possible exposure was to? Yes, Your Honor. The defense knew the composition of the class, and it knew the composition of the opt-outs, and both of those terms are important because defendants in many of these cases want certainty and they want global resolution of these matters. But you're not really telling us that if that list of opt-outs had included one more person, you wouldn't have settled? Your Honor, I think that's exactly what I'm saying. Of the ten opt-outs, the defendants believed that none of them were going to file a separate lawsuit due to statute of limitations issues because many of them were witnesses that were going to be in the case. So even one opt-out, such as Ms. Simpson, would have precluded the settlement from moving forward. Your Honor, turning to the notice and the opportunity to opt-out, it's undisputed that Ms. Simpson received the notice. And as Your Honor has pointed out, the very first page of the notice. I'm sorry, counsel. My apologies. There's one thing that causes me a little concern. Can you give me an example of a situation where you believe a party should be given a second opportunity to opt-out? Your Honor, I think if the parties agree that there should be a second opportunity to opt-out, if in this case, for example, well, I would just say, Your Honor, it's a term of settlement between the parties. And there are situations, and there are many situations, such as the Hoffman case that is in the plaintiff's briefs where there are second opportunities to opt-out. And so that's just a settlement term between the parties. But I think, Your Honor, the officers for justice case, which is binding authority on this court, says that only one opportunity is required under the law. And the settlement in this case complied with that case. Let me ask one other question on this topic. Let's assume that you have the one opportunity to opt-out and then a settlement is proposed. Does due process require that you be given the opportunity not to participate in the settlement? I don't believe due process does, Your Honor. I think that certainly parties can decide that they don't want to participate in the settlement. Does the rule give you the opportunity, the right to not participate in a settlement? Your Honor, I believe Rule 23 is silent as to this issue. It does say that courts must consider whether or not a second opt-out opportunity is given as part of exercising its discretion in approving the settlement. But I don't believe the rule says anything about an opportunity to opt-out of the settlement. I don't mean opt-out and sue. I just mean be excluded from not comply with the offers of the settlement. Yes, Your Honor. As far as I'm aware, the rule is silent as to the opportunity to opt-out of the settlement. I think that too, but that's why I'm asking. All right. Anything further? Nothing further, Your Honor. Thank you. Thank you, and I appreciate the court's indulgence with the extra time. I want to go straight to Judge Hurwitz's concern that we ended with in my discussion, which is the practical significance of this, and I think it's something that judges struggle with whenever you have a settlement objection. Sometimes there are procedural norms that seem like abstractions compared to the substantive outcome of the settlement, but these are important procedural norms, and this is anything but a textbook example of how to administer a class action settlement. Wholly apart from the identity of the defendants here, the procedure here was extremely unusual. This language in the Federal Judicial Center notice is boilerplate language. It was developed for a reason. Its drafters tell you that, to provide an opt-out opportunity in the event of a settlement in a B3 case. We have looked every single example that we have been able to find where that notice language has been used and has been sent out, and there has been a settlement in a B3 case. The parties have afforded an opt-out right at the settlement stage. They have afforded class members the opportunity to exclude themselves. Why? It can't be because the defendants were being nice. Defendants always want there to be no opt-outs. In each of those cases that you cite, and I haven't read every case because some of them are just settlements that don't end up in the reporters, wasn't the class notice more explicit about the ability to opt out the second time? It was the exact same language that you have here. I want to be clear about that. This is boilerplate language. There are hundreds of class actions around the country that use the exact same words, the exact same 10-word parenthetical that we're talking about here. And we limited ourselves to examples where this precise language was used. And in every single one of the examples we've been able to find, an opt-out right was afforded at the time of settlement. Just so that I'm clear about your answer to my question, I know you found cases where this precise language was used. Yes. I'm asking whether in those cases elsewhere in the class action notice or somewhere else in the case an explicit right to opt out a second time is given. No, absolutely not. It was the exact same language in all relevant respects. And it's not a situation where at the settlement stage the parties negotiated for a second opt-out opportunity either? No. I mean, I think the defendant would never want that unless they thought they had to, right? And it was because it was promised in the original notice. And I think what's noticeable also is the dog that didn't bark. The defendant might want it. The defendant might say, here's 10 less people I need to pay money to. They're never going to sue me. I mean, it's unlikely because the defendant wants global peace, right? And I think what's notable is the dog that didn't bark. What the settling parties haven't identified to you. My question is a little bit different. I mean, I understand that your argument is that the defendants wouldn't be motivated to provide a second opt-out opportunity if it weren't for the fact that the class notice promised it. Right. And that's slightly different than asking you specifically in those cases that you referenced, that you say support your position, did the settlement differ from the one in this case? Yes. In that the settlement in those cases specifically provided for the second opt-out opportunity? No, I mean, the settlements don't provide for it. It's just it is understood that that's how the things. No, but that's not the question Judge Wynn asked. And I now realize that. You're saying that those cases are exactly like this case. And I want you to clarify that. Right. Are they exactly like this case in terms of the initial class notice? Yes, exactly. And the forms that were sent out upon settlement? Or exactly like this case? No, the forms that were sent out. Just a minute. Let me finish. I'm sorry. I'm sorry. Or is it exactly like this case only in terms of the class notice that was sent out? They're exactly like this case in terms of the class notice that was sent out. And then there was a settlement agreement in those cases. And now I realize that I'm not as good a lawyer as you are. I didn't. I asked a narrow question, and you answered a narrow question. Well, no. Is the settlement agreement or the settlement agreements in those cases similar to the ones in this case? No. What's unusual about the settlement agreement here, and I want to be really clear about this, it has this no opt-out provision that's quite unusual. And this is the class action professors point to this in their amicus brief. You do not see provisions like that. If you take that language, it's Section 7 of the settlement agreement here. They affirmatively foreclosed any opportunity to opt out. You plug that language into Westlaw or into Google, you will not find any other settlement agreement that has that language. But you're not contending that it is illegal to have a settlement agreement with a non-opt-out provision. No. I'm saying that it is contradicted by the notice, right? And so they realized that I think they may have realized that the notice afforded this right, and there may have been some questions about whether there would be a right to opt out. So they put in this affirmative provision to affirmatively exclude opt-out rights. And that's unusual. Counsel, your client is set to recover 80 percent of her losses. What is she seeking, 100 percent? She wants treble damages, which is what she's entitled to under the law. And, you know, we would be in the same position making the same legal arguments if you had hundreds of people who were seeking to opt out. If you affirm the settlement here, you will be providing a roadmap for settling parties to run roughshod over the promised opt-out right. Even if you have many people who have valuable money damages claims, they will not be able to vote with their feet from a settlement. Assuming that it was promised. I've got one final question, but Judge Logan, Judge Hurwitz may have additional ones. Counsel indicated that there was a specific concession of no actual alliance in this case at ER 81. Is he right? That's mistaken, no. They're relying on a stray sentence at record of excerpts 81. And I think what they're relying on is this colloquy with Judge Curiel where Ms. Simpson's lawyer says, you know, it's not, she expected the right to opt out. He's trying to make clear that she expected this right to opt out. And then Judge Curiel's order, this is at the bottom of page 17 of the record excerpts. He refers to his recollection of this colloquy as indicating that Ms. Simpson didn't rely on this language. But her declaration is abundantly clear that she did. But the colloquy, what's it, I'm still struggling and maybe it's because I don't have the excerpts in my computer in the right order. What is, does the record reflect other than what Judge Curiel thinks counsel said? Do we have a transcript of what counsel said? Yes, and I can read you. Read me what counsel said. So she said, what he said, this is 81, page 81. She's unhappy with the settlement. He's talking about her now in 2017. She's unhappy with the settlement. It is not sitting well with her. She expected this right to opt out. And here's the key language. She is not sitting there consciously aware that she knew clause such and so, paragraph such and so, gave her this right. And she was not aware of the due process path. He's talking about her in 2017, whether. So I'll take that for a second. Counsel says in, she wasn't aware of whatever he says. Doesn't that, isn't that a concession that at the time that the class action notice came out. No. This didn't occur to her. No, I mean, then he goes on to say, what I am saying to you with no uncertainty is that she expected that she would have the right to opt out. And the district judge says nothing about her declaration, but her declaration is abundantly clear. She says at excerpt of record page 90, after receiving the class notice and visiting the case website, it was my understanding and expectation that class members would receive the opportunity to opt out in the event there was a settlement. And she explains how she went. She was a very actively engaged class member. I mean, she. And she would have consulted an attorney and explored her options at that point. Had she known that there was an opportunity to opt out. I also just want to make one final. No, no. Wait for a second. She says all that. She says, and therefore I would have consulted an attorney. No, she says, she says, if I had known that in actuality there would have been an opportunity to opt out in the event of a settlement, that there would have been no opportunity to opt out, then I would have consulted an attorney. Right. So my point is that had what she lost was the, according to your argument, what she lost by this unclear notice, which the judge has now interpreted as not giving a separate opportunity to opt out, was her clear opportunity to opt out at the first stage, correct? No, I think what she's lost. No, because if this notice had been clear. Yes. It said you may opt out now and never in the future. Then you'd have no complaint. We can't know exactly what risk calculus she would have engaged in at that time. No, I'm just saying you'd have no complaint about what the notice said. Yes, that's right. If the notice were clear. So therefore, what she was deprived of in your argument was the right to a clear notice about when she had to opt out. No, I want to be clear. Because she didn't have a constitutional right to opt out at the time. I want to be clear about, because I think you made a comment in my colleague's colloquy that I think we have some maybe disagreement about how to understand our due process theory on the lead argument. If the class notice says you will have the following rights, okay, and then those rights are not afforded as part of the architecture of the settlement, in our view, that is a due process violation. And in my view, just so you're clear, that may be a violation of Rule 23. It may also be. But I don't think our cases make clear you don't have a constitutional right to a second opt-out opportunity. No, and that's not our principal submission. The point is, you know, for example, if you have in public employment, okay, if you say a teacher will not be fired without a certain hearing, okay, and the school didn't have to set up those procedures. If they set them up and then arbitrarily deprive them. It's the government. No, but this is. Let's not quarrel about that. I just want to get back to the point I was trying to ask you a question about, which is this. It seems to me that I'm recharacterizing your claim, but I think I'm doing it fairly. What my client was deprived of, you say, was clear notice that if she wanted to opt out, she had to do so when she got the class notice. I think that misunderstands the claim. What she's complaining about. Why does that misunderstand the claim? She's complaining about the denial of a procedure that was promised to the class. And this is why I think the whole reliance thing is a red herring. If you had a class action, and let's say everyone agreed that the notice unambiguously provided a right to a settlement stage opt-out. It was promised with perfect clarity. And then you had hundreds of people that came forward and said, you have this unusual no opt-out provision. We've never seen a provision like this. We have a right to opt-out. It was promised to us. It would not be a sensible approach to inquire and require everyone to have a declaration or be deposed about whether they really relied on that promise. Well, it's a nice characterization, but it seems to me another characterization of your client's claim is, gee, if I had been told back when this class notice came out that this was the only opt-time to opt-out, what would I have done? And her answer is, I'm not sure. I would have seen a lawyer. That's not what she's saying. I mean, what she's complaining about is the procedure now relative to what was promised. Well, we've got the declaration. Judge Logan gets the last question. Counsel, in a perfect world, what would the settlement look like for your client? A hundred percent refund? She would have treble damages, which is what the law requires. She would have an admission of liability. And she would have been able to move forward with the case and have some public accountability. That's what she's seeking. So she's against a settlement, period? Because no settlement gives you treble damages. No settlement gives you everything you wanted. So she doesn't want a settlement, right? She wants to move forward, and she has that right. I mean, it's her claim. The client wants a jury trial. She does. I mean, she wants to file her own case. She wants to pursue the common law fraud claim, which was decertified in this case. I mean, she has her own claim, and she has a due process right to move forward with that claim. All right. Thank you. We thank you very much, both sides, for your arguments in this case. Really interesting issues in the case. The matter is submitted, and we're in recess for the day. Thank you. All rise.
judges: Nguyen, Hurwitz, Logan